MERRYMAN *v.* HALL.

NEGLIGENCE—BOILER EXPLOSION—CAUSE OF ACCIDENT—QUESTION
FOR JURY.

> Where, in an action for injuries caused by the explosion of
> a boiler, the evidence showed that the fireman in charge of
> the boiler negligently left it unattended, under a large and
> increasing pressure of steam, for 30 or 40 minutes before the
> accident, it was a proper question for the jury whether the
> negligence of the fireman was the cause of the explosion.

Error to St. Clair; Vance, J. Submitted April 12, 1900.
Decided May 18, 1900.

Case by Frederick I. Merryman against Edmund Hall
for personal injuries. From a judgment for defendant
on verdict directed by the court, plaintiff brings error.
Reversed.

*Avery Bros. & Walsh* (*C. A. Hovey*, of counsel), for
appellant.

*Oscar M. Springer* (*Timothy E. Tarsney*, of counsel),
for appellee.

MOORE, J. The plaintiff sued the defendant to recover
for injuries received by him, caused by the explosion of
the boiler upon a dredge owned by defendant. The cir-
cuit judge directed a verdict for the defendant. The case
is brought here by writ of error.

The defendant owned a dredge with which he was per-
forming a contract he had with the government to do
dredging in Black river. The plaintiff was an inspector
looking after the work on the part of the government. He
had nothing to do with the management of the dredge.
He went aboard the dredge on the morning of May 25th.
After the dredge had been in operation for a little time,

some of the machinery gave trouble, making it necessary to stop the work for a little time.   It is the claim of the plaintiff that the work was heavy, requiring the operation of powerful machinery, and the use of a high pressure of steam in the boiler to operate the machinery.   His claim is that, when the machinery was stopped, no steps were taken to check the fire under the boiler, but the fireman went to the forward part of the boat, 40 or 50 feet away from the place of his duties, and remained away 30 to 40 minutes, and that, as a result of the neglect of the persons in charge of the boiler, the steam was raised in the boiler beyond its capacity to resist the pressure, and that the boiler exploded, throwing the plaintiff 25 or 30 feet into the river, and injuring him severely.   The plaintiff offered testimony tending to support his theory that the explosion was caused by the negligence of the persons in charge of the boiler.   No proof was offered upon the part of the defendant.

Plaintiff requested the court to charge the jury, in substance:

"1. That, under the circumstances, the bursting of the boiler was *prima facie* evidence of negligence.

"2. That if you should find that the dredge was being operated under an ordinary working pressure of steam, and with an ordinary working fire in the furnace, and that the furnace doors were closed and the back damper or backboard closed, and that the machinery was thereupon stopped for repairs, and that the fireman in charge of the boiler thereupon went to the forward part of the dredge, and left the boiler without checking the draughts, whereby the steam pressure would be likely to dangerously increase, and if you find that he so remained away from his place of duty for 15 or 20 minutes, and that, while he was so absent from his post, the steam pressure did so increase as to blow out the crown sheet of said boiler and injure the plaintiff, then such acts of the fireman would constitute negligence, for which the defendant would be liable."

The court declined to give either of these requests, and stated to the jury that plaintiff had failed to establish by proof, with reasonable certainty, the negligence which

was the proximate cause of the injury, and directed a verdict for the defendant.

The counsel for the plaintiff do not insist in their brief that under the ruling in the case of *Voight* v. *Car Co.*, 112 Mich. 504 (70 N. W. 1103), they were entitled to have the first request given, but they do say the testimony offered by them was of such a character that the jury might very properly draw from it that the negligence of the persons in charge of the boiler caused the injury, and whether such an inference should be drawn or not was a question for the jury. Notwithstanding the diligence and ability of the counsel employed in the case upon both sides, they have cited us to but few authorities that aid in the solution of the questions involved. The case most in point is the case of *Davis* v. *Railway Co.*, 58 Wis. 646 (17 N. W. 406, 15 Am. & Eng. R. Cas. 424, 46 Am. Rep. 667). In that case it was claimed the absence of the persons in charge of the boiler caused the explosion. The court, in disposing of the case, used the following language:

"The evidence in the case at bar tends to prove that the persons in charge of the boiler and pile-driver were culpably negligent in leaving it unattended for more than half an hour in the condition the evidence tends to show it was. Hayward, the defendant's witness, and who was competent to give an opinion on the subject, testified that, if the boiler was left with such a fire in the fire-box as the plaintiff claimed the evidence showed there was, an improper amount of steam would be generated in the boiler. He further said: 'It is not safe and proper to leave a boiler and engine unattended, with a large fire in the fire-box. It is very unsafe and improper to do it, with a large fire.' It was certainly for the jury, and not for the court, to say, upon the whole evidence, whether this act of negligence was the cause of the explosion; and it was also for the jury to say whether it was a want of ordinary care on the part of those in charge to leave so dangerous an engine unattended in the immediate vicinity of a place where they knew people would be passing and repassing. This court cannot say, as a matter of law, that the explosion was the result of causes which were unforeseen, and that such ex-

plosion would have occurred at the same time and in the same way, and produce the same injury, if the men in charge had remained there during the half hour they absented themselves. These are questions for the jury. We do not say that the plaintiff could recover in this action if the jury should find as a fact that the explosion of the boiler was the result of a defect in the iron of which it was originally made, or because of defects arising out of its use, and which were unknown to the persons in charge at the time of the accident, and were not discoverable by the ordinary inspection given to it. An explosion occurring from such causes might be said to be one of the risks incident to the business, and that all such risks the licensee assumes when he avails himself of the privilege granted by the company; but if they find that the explosion occurred by reason of the negligence of those in charge in permitting the steam to be raised to an unsafe pressure in the boiler, and that the explosion occurred from that cause, then we think the clear weight of authority is in favor of the plaintiff's right to recover. Upon the first theory the want of attendance at the time would not be the cause of the explosion, and on the second theory it would be, or might well be found to be."

It has repeatedly been held by this court, in negligence cases, that it is not the province of the court to pass upon the weight of the evidence, and the effect to be given to it, but that those are questions for the jury; that it is only where there is not sufficient legal evidence, if it is believed, to establish a case for the plaintiff, that the court would be justified in directing a verdict for the defendant. See *Carver* v. *Plank-Road Co.*, 61 Mich. 584 (28 N. W. 721), where there is a full collation of the authorities. We think, under the proofs, the plaintiff was entitled to have his case, under proper instructions, submitted to the jury.

Judgment is reversed, and new trial ordered.

The other Justices concurred.