MERRYMAN *v.* HALL.

NEGLIGENCE—BOILER EXPLOSION—INSPECTION—EVIDENCE.

> In an action for injuries caused by the explosion of a boiler,
> where the negligence relied on is a lack of reasonable inspec-
> tion, evidence showing the construction of the boiler, and
> that it was not practicable to remove the flues to ascertain
> the condition of the braces, is admissible for its bearing on
> the question of whether ordinarily prudent men would make
> such inspection.

Error to St. Clair; Whipple, J. Submitted June 4,
1902. (Docket No. 15.) Decided September 17, 1902.

Case by Frederick I. Merryman against Edmund Hall
for personal injuries. From a judgment for plaintiff, de-
fendant brings error. Reversed.

*Oscar M. Springer* (*P. H. Phillips*, of counsel), for
appellant.

*Avery Bros. & Walsh* (*Cyrus A. Hovey*, of counsel),
for appellee.

HOOKER, C. J. A former review of this cause is re-
ported in 124 Mich. 263 (82 N. W. 881). Upon the last
trial it was submitted to the jury upon two grounds of
negligence, viz.: *First*, that of the fireman; *second*, a
want of reasonable inspection of the boiler. The cause is
here upon over 100 assignments of error. We have
patiently examined each of them, and feel justified in say-
ing, as to some of them, that, if counsel had as carefully
examined the record, they could not have failed to see that
they were groundless, and many of them are frivolous.
Of them all we find but two that we care to mention
specifically, viz., the fortieth and forty-second. The de-
fendant's counsel sought to show that it was not practicable
to remove the flues from the boiler for the purpose of

ascertaining the condition of the braces. Again, they sought to show to the jury the construction of the boiler. This testimony was excluded.

It may well be doubted whether one who owns a boiler should be expected to remove all of its flues periodically to ascertain whether the braces are defective, and a jury, before passing upon that question, should be allowed to understand the construction of the boiler, and the usual practice among those using similar ones; for the question is whether ordinarily prudent and careful men would do so. If not, it is not negligence to omit it. This testimony should have been received.

We are constrained to reverse the judgment, but in the taxation of costs the appellant will be allowed but half of the items for printing the record and brief.

MOORE, GRANT, and MONTGOMERY, JJ., concurred.