MERRYMAN *v.* HALL.[1]

NEGLIGENCE—BOILER EXPLOSION—DEFECTIVE CONDITION—OWNER'S DILIGENCE—QUESTION FOR JURY.

> In an action for injuries caused by the explosion of a boiler, evidence examined, and *held* to justify a finding that the owner of the boiler, though ignorant of its defective condition, was negligent in not using proper care to discover the same.

Error to St. Clair; Law, J.   Submitted February 26, 1904.   (Docket No. 111.)   Decided April 5, 1904.

Case by Frederick I. Merryman against Edmund Hall for personal injuries.   There was a judgment for plaintiff, after which defendant died, and the cause was revived in the names of his executrices, Mary H. Hall and Frances Chaney Strong, who bring error.   Affirmed.

*Oscar M. Springer* (*Bowen, Douglas, Whiting & Murfin,* of counsel), for appellants.

*Avery Bros. & Walsh* (*Cyrus A. Hovey,* of counsel), for appellee.

CARPENTER, J.   Plaintiff, a government inspector, while on board defendant's barge at Port Huron, was injured by the explosion of a boiler.   He brought this suit, claiming that the explosion was caused by defendant's

---

[1] Rehearing denied April 26, 1904.

negligence. The first trial resulted in a verdict for defendant by direction of the court. This judgment was reversed by this court. See 124 Mich. 263 (82 N. W. 881). A second trial resulted in a verdict for plaintiff. This judgment was also reversed. See 131 Mich. 406 (91 N. W. 647). A third trial has been had, which, like the second, resulted in a verdict for plaintiff.

We are bound to conclude, from special findings by the jury, that their verdict rested upon the ground that defendants' testator, though ignorant of the defective condition of the boiler, was negligent in not using proper care, before the boiler exploded, to discover its defective condition. We are asked to reverse the judgment upon the ground that there was no evidence to support this verdict. There is abundant evidence to warrant the inference that proper care on the part of the defendants' testator before the explosion would have discovered the boiler's defective condition. It is contended that the record conclusively proves that this care was exercised. Two of defendants' witnesses, Messrs. Brauvin and Ortner, testified that the boiler had been used less than two days since it withstood a hydrostatic or cold-water test of 150 pounds to the square inch. If we can treat this fact as established,—that is, if this testimony is true,—we are bound to say that, though defendants' testator was ignorant of the boiler's defective condition, he had done all that due care required to discover it. The whole case turns, then, in our judgment, upon the question of whether the court must say that the jury were bound to credit this testimony. These witnesses testify that at the time the hydrostatic test was applied, and for several years prior thereto, there was a gauge with a limit of 200 pounds on the boiler; that, according to this gauge, they applied the test of 150 pounds to the square inch; and that, after the explosion, the gauge was taken to one Giles Cole. We think there was evidence which tended to discredit this testimony. Giles Cole testified that the gauge brought to him by Brauvin was 10 pounds fast in 80, and had a limit of 120 pounds.

Brauvin produced on the trial the gauge which he claimed was on the boiler, and an expert witness for plaintiff testified that, in his judgment, the gauge was comparatively new, and had not been used more than two or three years. We think this evidence, together with the circumstance that the boiler exploded after less than two days' user, with a pressure of less than 100 pounds to the square inch, justified the jury in discrediting the testimony under consideration.

We think that no other complaint in the brief demands discussion.

The judgment must be affirmed.

The other Justices concurred.